### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

| | |
|---|---|
| SYDNEY A. GARRINGER, : | |
| Plaintiff, | Case No.  3:08-cv-160 |
| -vs- | |
| EMPLOYER BENEFIT SERVICES OF OHIO, INC. | Chief Magistrate Judge Michael R. Merz |
| Defendant. : | |

## DECISION AND ENTRY

This case is before the Court on Defendant Employer Benefit Services of Ohio, Inc.'s ("EBS") Motion to Dismiss.  (Doc.12).  The parties have fully briefed the matter, (*Id.*; Doc. 13, 14), and the matter is ripe for decision on the merits.

The parties have consented to plenary magistrate judge jurisdiction and the case has been referred on that basis.  (Doc. 9).

Plaintiff Sydney A. Garringer filed this action as a Small Claim Complaint against EBS in the Municipal Court of Xenia, Ohio, on April 16, 2008, claiming that EBS wrongfully failed to pay a medical insurance claim and seeking judgment against EBS in the amount of $442.50. *GARRINGER v. EBS of Ohio,* No. 08 CVI 0625 (Apr. 16, 2008); (Doc. 1, Ex. A thereto; Doc. 2). EBS removed the matter to this Court on the basis of federal jurisdiction pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA").  (Doc. 1). The present Motion followed.

As an initial matter, the Court notes that the parties have submitted matters outside the pleadings and therefore, the Court will treat EBS's Motion as a Motion for Summary Judgment. Fed.R.Civ.P. 12(b).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157-59 (1970). Nevertheless, the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a Rule 50 motion for judgment as a matter of law. *See, Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir. 1989). If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria,

2

summary judgment is appropriate. *Id.* The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

> The moving party
>
> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

With these principles in mind, the facts of this case at this stage of the litigation, for purposes of the present Motion only, and construed in the light most favorable to Ms. Garringer are as follows[1].

Ms. Garringer is employed by Brown Publishing Company ("Brown") and she

---

[1] As the Court's citations, *infra*, indicate, these facts are gleaned from the Affidavits and documents which the parties have submitted in support of or in opposition to the present Motion. The Court notes that at this stage of the proceedings, neither party has objected to any of those materials.

participates in Brown's self-funded group health plan ("Plan").  Affidavit of Van Workman ¶ 6, July 1, 2008 ("Workman Affidavit") (Doc. 12, Ex. 2 attached thereto).  In 2006, Brown and EBS entered into a contract under which EBS agreed to serve as the administrator of the Plan.  *Id.* at ¶ 2. Indeed, the Plan provides in part:

> **GENERAL PROVISIONS**
> ...
> **D. CLAIMS ADMINISTRATOR**
> Means Employer Benefit Services of Ohio, Inc. employed by the Company, and responsible for the processing of claims and payment of benefits, administration, accounting, reporting, and/or other services contracted for by the Plan Sponsor.
> ...

*Id.*, Attachment thereto.

On September 30, 2006, Ms. Garringer submitted a claim for medical services to EBS.  Affidavit of Sydney S. Garringer, July 14, 2008, ("Garringer Affidavit") (Doc. 13, Ex. thereto and Ex. A thereto).  The claim was for medical services which were rendered to Ms. Garringer's dependent son, Vincent Baker, on September 29, 2006.  *Id.*  On March 31, 2007, Ms. Garringer cancelled her Brown-sponsored insurance.  *Id.*

On August 8, 2007, on Ms. Garringer's behalf,  Kelly Turner, Accounting Manager for Brown, contacted EBS via e-mail seeking assistance in addressing EBS's denial of Ms. Garringer's September, 2006, claim. *Id.*, Ex. B thereto.  Subsequently, Ms. Turner advised Ms. Garringer that EBS needed a copy of Vincent Baker's birth certificate which Ms. Garringer obtained and sent to EBS.  *Id.*

Ms. Garringer contacted Ms. Turner on January 20, 2008, and informed her that EBS had still not paid the September, 2006, claim.  *Id.*  In response to Ms. Turner's instruction to do so, Ms. Garringer asked the care provider to re-submit the claim to EBS.  *Id.*  On February 28, 2008,

4

Ms. Garringer advised Ms. Turner that EBS had denied the September, 2006, claim on the basis the time limit for filing the claim had passed. *Id.* This action followed.

As EBS alleges, and Ms. Garringer does not dispute, this claim is governed by ERISA.

ERISA comprehensively regulates employee benefit plans. 29 U.S.C. §§ 1002, 1003. It regulates benefit plans to ensure the uniformity of decision which will assist plan administrators, fiduciaries, and participants to predict the legality of proposed actions without the necessity of reference to varying state laws. *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 56 (1987).

ERISA permits plan participants, beneficiaries, plan administrators, and the Secretary of Labor to enforce its provisions. *See* 29 U.S.C. § 1132(a)(1)-(6). However, ERISA distinguishes between those parties in the types of relief it makes available to them. Acting on behalf of a benefit plan, the Secretary of Labor and the plan administrator are entitled to seek the full gamut of legal and equitable relief. *See Id.* In contrast, ERISA restricts plan beneficiaries to equitable relief with no recourse to money damages. *See* 28 U.S.C. § 1132(a)(3); *Mertens v. Hewitt Associates,* 508 U.S. 248, 255 (1993); *Helfrich v. PNC Bank, Kentucky, Inc.,* 267 F.3d 477, 481 (6th Cir. 2001). In other words, the remedy available to Ms. Garringer under ERISA is limited to an order in equity requiring the payment of her medical claim.

Although the circuits are split on the issue of whether a plan is the only proper defendant in a suit to recover benefits under section 502(a)(1)(B), in the Sixth Circuit, plan administrators may be properly named as parties in an ERISA action. "[I]n the Sixth Circuit, the proper party defendant in an ERISA action concerning benefits is the party that is shown to control administration of the plan." *Little v. UNUM Provident Corp.,* 196 F. Supp.2d 659, 672 (S.D. Ohio

5

2002), citing *Daniel v. Eaton Corp.,* 839 F.2d 263, 266 (6th Cir, 1988); see also, *Strickrath v. The Hartford Insurance Co.,* No. C-2-06-1080, 2008 WL 835686 at *6 (S.D. Oh. Mar. 28, 2008).

As noted above, Mr. Workmans' Affidavit and the Plan itself make it clear that at the time of the denial of Ms. Garringer's September, 2006, medical care claim EBS was the claims administrator of the Plan at issue. Pursuant to current Sixth Circuit law, as recently recognized in this District, EBS, as administrator, is a proper party defendant. Accordingly, EBS's Motion to Dismiss on the basis that it is not a proper defendant is not well taken.

Defendant Employer Benefit Services of Ohio, Inc.'s Motion to Dismiss, (Doc. 13), is denied.

August 11, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

J:\Documents\Garringer v. EBS MTD D&O.wpd